RECEIVED CLERK'S OFFICE

2009 SEP -4 P 12: 06

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley Moultrie, | ) | C/A No.: 9:09-2230-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Dept. Of Corrections | ) | |
| Turbeville Corr. Inst. Kenneth Sharp (Major); | ) | |
| Gregory Knowlin (Warden); | ) | Report and Recommendation |
| Capt. Angela Brown (DHO Hearing Officer | ) | |
| Charge of Sanctions), | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Stanley Moultrie (Plaintiff), proceeding *pro se*, brings this action pursuant to

42 U.S.C. § 1983. Plaintiff is an inmate at the Turbeville Correctional Institution (TCI), a facility

of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis*

under 28 U.S.C. § 1915. The complaint names SCDC and employees of TCI as Defendants.[1]

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,

64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner
seeks redress from a governmental entity or officer or employee of a governmental entity."



1

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff states that he was placed in "Lock-up for Investigation" on May 21, 2009. Plaintiff subsequently learned he had been accused of sexual misconduct with another inmate, which allegedly occurred in March of 2009. Plaintiff was administered a polygraph test on May 27th and remained in "Lock-up threw [sic] the investigation of 21 days and then 9 days to decide whether to extend the Investigation." Plaintiff stated the investigator found insufficient evidence to move forward and the charge was dismissed.

On June 18, 2009, Plaintiff claims Defendant Kenneth Sharp charged him with sexual misconduct. Plaintiff was apparently placed back on lock-up status and was found guilty of sexual misconduct at a disciplinary hearing on July 2, 2009. Plaintiff states Defendant Capt. Angela Brown was the hearing officer who imposed sanctions.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere



2

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, it must be noted that Plaintiff sues a Defendant, the South Carolina Department of Corrections (SCDC), which is protected by the Eleventh Amendment from suit brought pursuant to § 1983. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).

3



Therefore, as a state agency, the SCDC is immune from suit in this action, and is entitled to summary dismissal as a party Defendant.[2]

Plaintiff does name three Defendants; Kenneth Sharp, Gregory Knowlin, and Capt. Angela Brown, who are amenable to suit under § 1983. However, Plaintiff's case is still subject to summary dismissal, because it is clear from the face of the complaint that he has failed to exhaust his administrative remedies. The Prison Litigation Reform Act's (PLRA) exhaustion requirement provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In the instant case, Plaintiff's complaint clearly states that he filed an administrative grievance concerning the claims he is attempting to raise in this civil action only on July 14, 2009, less that a month prior to drafting his complaint. *See* Plaintiff's Complaint, page 2. Plaintiff also admits that he has not yet received a final answer from the institution, because the "process takes (127) days according to policy."[3] Thus, Plaintiff does not claim that the grievance process is futile.

---

[2] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, while a State may consent to a suit in a federal district court; *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984); the State of South Carolina has not consented to such actions. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity).

[3] From the filing of a Step 1 grievance, the SCDC grievance process may take up to one hundred and fourteen (114) days to complete:

> (1) an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; (2) the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; (3)



Rather, he just does not want to wait until completion of the process before proceeding with a claim in Federal Court.

Lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007)(holding that failure to exhaust is an affirmative defense). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 682-683 (4th Cir. 2005). In the present action, it is readily apparent from the face of Plaintiff's complaint that his administrative grievance remains pending and that Plaintiff filed this action prior to affording prison officials an opportunity to address his concerns. Therefore, Plaintiff's action is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process.

Plaintiff's attention is directed to the important notice on the next page.

---

the Warden should respond to the grievant in writing within forty (40) days; **(4)** the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

*See* SCDC Inmate Grievance System Policy issued 1-1-2006. The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*



Bristow Marchant
United States Magistrate Judge

September 3 ,2009
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

